**EXHIBIT A**

MRSBPO,LLC
MAR 16 2020
RECEIVED

# Supreme Court of Pennsylvania
## Court of Common Pleas
### Civil Cover Sheet
**CHESTER County**

For Prothonotary Use Only:
Docket No: 2020-02584-MJ

Filed and Attested by PROTHONOTARY 10 Mar 2020 02:15 PM S. Peery

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

## SECTION A

**Commencement of Action**
- ✔ Complaint
- ___ Writ of Summons
- ___ Petition
- ___ Transfer from Another Jurisdiction
- ___ Declaration of Taking

**Lead Plaintiff's Name:** ANNE HULSER
**Lead Defendant's Name:** MRS-BPO LLC

**Are money damages requested?** ✔ Yes ___ No
**Dollar Amount Requested:** (check one) ✔ Within arbitration limits ___ outside arbitration limits

**Is this a Class Action Suit?** ___ Yes ✔ No
**Is this an MDJ Appeal?** ___ Yes ✔ No

**Name of Plaintiff/Appellant's Attorney:** fred e davis, iv
___ Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)

## SECTION B

**Nature of the Case:** Place "X" to the left of the ONE case category that most accurately describes your PRIMARY CASE. If you are making more than one type of claim, check the one that you consider most important.

**TORT** (do not include Mass Tort)
- ___ Intentional
- ___ Malicious Prosecution
- ___ Motor Vehicle
- ___ Nuisance
- ___ Premises Liability
- ___ Product Liability (does not include mass tort)
- ___ Slander/Libel/Defamation
- ___ Other:

**MASS TORT**
- ___ Asbestos
- ___ Tobacco
- ___ Toxic Tort - DES
- ___ Toxic Tort - Implant
- ___ Toxic Waste
- ___ Other:

**PROFESSIONAL LIABILITY**
- ___ Dental
- ___ Legal
- ___ Medical
- ___ Other Professional

**CONTRACT** (do not include Judgments)
- ___ Buyer Plaintiff
- ___ Debt Collection: Credit Card
- ___ Debt Collection: Other
- ___ Employment Dispute: Discrimination
- ___ Employment Dispute: Other
- ___ Other

**REAL PROPERTY**
- ___ Ejectment
- ___ Eminent Domain/Condemnation
- ___ Ground Rent
- ___ Landlord/Tenant Dispute
- ___ Mortgage Foreclosure: Residential
- ___ Mortgage Foreclosure: Commercial
- ___ Partition
- ___ Quiet Title
- ___ Other:

**CIVIL APPEALS**
- ___ Administrative Agencies
- ___ Board of Assessment
- ___ Board of Elections
- ___ Dept. of Transportation
- ___ Statutory Appeal: Other
- ___ Zoning Board
- ___ Other:

**MISCELLANEOUS**
- ___ Common Law/Statutory Arbitration
- ___ Declaratory Judgement
- ___ Mandamus
- ___ Non-Domestic Relations Restraining Order
- ___ Quo Warranto
- ___ Replevin
- ✔ Other:

2020-02584-MJ

Case 2:20-cv-01743-KSM   Document 1-1   Filed 04/02/20   Page 3 of 12

# Chester County
## Court of Common Pleas
### Cover Sheet

Docket No: **2020-02584-MJ**

| | |
|---|---|
| **Plaintiff(s): (Name, Address)**<br>ANNE HULSER | **Plaintiff's/Appellant's Attorney (circle one)**<br>(Name, firm, address, telephone and attorney ID#)<br><br>fred e davis, iv<br>(855) 432-8475  davis consumer law firm  attorney ID#: 093907<br>2300 Computer Rd Suite G39 Willow Grove, PA 19090 |
| **Defendant(s): (Name, Address)**<br>MRS-BPO LLC | Are there any related cases? Please provide case nos. |

Defendants who are proceeding without counsel are strongly urged to file with the Prothonotary a written statement of an address AND a telephone number at which they can be reached

Commencement of Action (if applicable): __ Agreement for an Amicable Action __ Motion to Confirm Arbitration Award __ Notice of Appeal

If this is an appeal from a Magisterial District Judgement, was appellant ✔ Plaintiff or __ Defendant in the original action?

Jury Trial Demanded ✔ Yes __ No

Nature of case if not on previous cover sheet - Please choose the most applicable

- Annulment
- Custody - Conciliation Required
- Custody - Foreign Order
- Custody - No Conciliation Required
- Divorce - Ancillary Relief Request
- Divorce - No Ancillary Relief Requested
- Foreign Divorce
- Foreign Protection from Abuse
- Paternity
- Protection from Abuse
- Standby Guardianship

- Writ of Certiorari
- Injunctive Relief
- Mechanics Lien Claim
- Issuance of Foreign Subpoena
- Name Change
- Petition for Structured Settlement

### Arbitration Cases Only

Arbitration Date: 2020-09-11
Arbitration Time: 09:00:00

Defendants are cautioned that the scheduling of an arbitration date does not alter the duty of the defendant to respond to the complaint and does not prevent summary disposition form occurring prior to the arbitration date.

This matter will be heard by a Board of Arbitrators at the time and date specified but, if one or more of the parties is not present at the hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties. There is no right to a trial *de novo* on appeal from a decision entered by a judge.

### Notice of Trial Listing Date

Pursuant to C.C.R.C.P. 249.3, if this case is not subject to compulsory arbitration it will be presumed ready for trial twelve (12) months from the date of the initiation of the suit and will be placed on the trial list one (1) year from the date the suit was filed unless otherwise ordered by the Court.

To obtain relief from automatic trial listing a party must proceed pursuant to C.C.R.C.P. 249.3(b), request an administrative conference and obtain a court order deferring the placement of the case on the trial list until a later date.

File with: Chester County Justice Center, Prothonotary Office, 201 W. Market St., Ste. 1425, PO Box 2746, West Chester, PA 19380-0989

2020-02584-MJ

MRSBPO,LLC

MAR 16 2020

RECEIVED

| | |
|---|---|
| Fred Davis, Esq. <br> Identification No. 93907 <br> DAVIS CONSUMER LAW FIRM <br> 2300 Computer Rd.-Ste G39 <br> WILLOW GROVE, PA 19090 <br> (T)1-855-432-8475/(F)1-855-435-9294 <br> fdavis@usacreditlawyer.com | ATTORNEY FOR PLAINTIFF <br><br> THIS IS AN ARBITRATION MATTER <br> ASSESSMENT OF DAMAGES <br> HEARING IS REQUESTED. |
| ANNE HULSER <br> 112 Jagger Street <br> PHILADELPHIA, PA <br> 17554-1879 <br><br> *Plaintiff* <br><br> v. <br><br> MRS BPO, LLC <br> 1930 Olney Ave. <br> Cherry Hill, NJ <br> 08003 <br><br> *Defendant* | COURT OF COMMON PLEAS <br> CHESTER COUNTY <br><br><br> CIVIL ACTION <br><br><br><br> DOCKET NO.: |

Filed and Attested by
PROTHONOTARY
10 Mar 2020 02:15 PM
S. Peery

## NOTICE TO DEFEND
### CODE: 1900

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.

You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.**

**CHESTER COUNTY BAR ASSOCIATION-LAWYER REFERRAL& INFO SERVICE**
Chester Bar Association
15 W Gay St #2,
West Chester, PA

2020-02584-MJ

MRSBPO, LLC
MAR 16 2020
RECEIVED

19380
Phone: (610) 692-1889

## AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas de estas demandas expuestas an las paginas signientes, usted tiene veinte (20) dias de plazo al partir de ia fecha de la demanda y ia notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, le corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u ostros derechos importantes para usted.

**LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE, SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO. VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.**

### SERVICIO DE REFERENCIA LEGAL
Colegio de Abogados de Chester
15 W Gay St #2,
West Chester, PA
19380
Phone: (610) 692-1889

2020-02584-MJ

MRSBPO,LLC

MAR 16 2020

Fred Davis, Esq.
Identification No. 93907
DAVIS CONSUMER LAW FIRM
2300 Computer Rd.-Ste G39
WILLOW GROVE, PA  19090
(T)1-855-432-8475/(F)1-855-435-9294
fdavis@usacreditlawyer.com

ATTORNEY FOR PLAINTIFF

THIS IS AN ARBITRATION MATTER
ASSESSMENT OF DAMAGES
HEARING IS REQUESTED.

*Filed and Attested by
PROTHONOTARY
10 Mar 2020 02:15 PM
S. Peery*

| | |
|---|---|
| ANNE HULSER<br>112 Jagger Street<br>PHILADELPHIA, PA<br>17554-1879<br><br>*Plaintiff*<br><br>v.<br><br>MRS BPO, LLC<br>1930 Olney Ave.<br>Cherry Hill, NJ<br>08003<br><br>*Defendant* | COURT OF COMMON PLEAS<br>CHESTER COUNTY<br><br><br>CIVIL ACTION<br><br><br><br>DOCKET NO.: |

## COMPLAINT

1. Plaintiff, ANNE HULSER, is an adult individual citizen and legal resident of the State of Pennsylvania, living at 112 Jagger Street, PHILADELPHIA, PA, 17554-1879.

2. Defendant, MRS BPO, LLC, is a business corporation qualified to and regularly conducting business in, the Commonwealth of Pennsylvania, with its legal residence and principal place of business at 1930 Olney Ave., Cherry Hill, NJ 08003. Defendant can be served at that address.

3. Plaintiff avers that at all times material hereto, Defendant acted by and through its authorized agents, servants, officers, and/or employees, including Defendant, all of whom were acting within the scope of their employment.

MRS BPO, LLC

MAR 16 2020

RECEIVED

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction".

5. Defendant regularly conducts business in the State of Pennsylvania and in the County of Chester, therefore, personal jurisdiction is established.

6. Venue is proper in Chester County pursuant to Pennsylvania Rule(s) of Civil Procedure §§1006 and 2179.

7. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

8. Plaintiff is a natural person residing in PHILADELPHIA, PA. Some/all of the transactions comprising the alleged debt occurred in Chester County.

9. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3). The transactions comprising the alleged debt were for consumer related purchases, such as household hoods, food, clothing, etc.

10. Defendant, MRS BPO, LLC, is a company handling debt collection matters with headquarters located at 1930 Olney Ave., Cherry Hill, NJ 08003.

11. Defendant is a debt collector as that term is defined by 15 U.S.C. §1692a(6), and sought to collect a consumer debt from Plaintiff, as the alleged debt in questions stems from the acquisition of personal goods and services, such as household items, clothing, groceries, etc.

MRSBPO, LLC
MAR 16 2020
RECEIVED

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Throughout the past year, Defendant has contacted Plaintiff attempting to collect a debt it alleges originated with CHASE BANK U.S.A. N.A. in the amount of $2,486.96.

14. Plaintiff alleges and avers that Defendant sought to collect amounts comprised largely of improper fees and/or interest, and Defendant's collection efforts were thus in violation of 15 U.S.C. §§1692e and f. Specifically, Plaintiff alleges and avers that there is no written agreement authorizing third-party collection of any interest or showing that Plaintiff agreed to repay exorbitant interest or fees which are intertwined in the alleged debt of $2,486.96.

15. Plaintiff alleges and avers that Defendant's letter fails to inform Plaintiff that litigation premised on the alleged debt is barred by the applicable statute of limitations, and that any payment or confirmation could re-start the statute, and Defendant thereby violated 15 U.S.C. §1692e(2).

16. Plaintiff alleges and avers that there is no written agreement between Plaintiff and CHASE BANK U.S.A. N.A. authorizing third-party collection of any debts or evidencing the opening of an account, and Defendant's collection efforts are thus not authorized by law or contract, in violation of 15 U.S.C. §§1692e and f.

17. Plaintiff alleges and avers that Defendant contacted Plaintiff at irregular times and places, and often times hung up before identifying itself, only to call right back repeatedly and continuously called Plaintiff telephonically, as well as unrelated third-parties, at irregular times and places, and failed to identify itself and inform Plaintiff of her rights, in

*2020-02584-MJ*

violation of 15 U.S.C. §§§ 1692c(a)(1), d and g.

18. Plaintiff alleges and avers that Defendants communicated false credit information by failing to notify the major credit bureaus of the actual status of the alleged "debt", in violation of 15 U.S.C. §1692e(8).

19. Plaintiff alleges and avers that Defendant misrepresented the nature and amount of the alleged debt, and Defendant's letter is thereby in violation of 15 U.S.C. §1692e(2). Specifically, imbrued within the claimed debt of $2,486.96 is interest and fees for which Defendant does not possess a written authorization.

## COUNT I
## THE FAIR DEBT COLLECTION PRACTICES ACT ("FDCPA")

20. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Harassing, oppressing or abusing Plaintiff in connection with the collection of a debt in violation of 15 U.S.C. § 1692d.

   b. Using misrepresentations or deceptive means to collect a debt in violation of 15 U.S.C. § 1692e(10).

   c. Using unfair or unconscionable means to collect a debt in violation of 15 U.S.C. §1692f.

   d. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, ANNE HULSER, respectfully prays for a judgment as follows:

   a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

   b. Statutory damages of $1,000.00 for each violation of the

FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

        c.     All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

        d.     Any other relief deemed appropriate by this Honorable Court.

## COUNT TWO
## THE PENNSYLVANIA UNFAIR TRADE PRACTICES ACT AND CONSUMER PROTECTION LAW ("UFTPL")

21.    Plaintiff hereby incorporates all facts and allegations specified in paragraphs above, by reference as if fully set forth at length.

22.    Plaintiff is a "Person" as defined by 73 P.S. § 201-2(2).

23.    Defendant is a "Person(s)" as defined by 73 P.S. § 201-2(2).

24.    The Pennsylvania Unfair Trade Practices and Consumer Protection Act, 73 P.S. § 201-2(4), defines "unfair or deceptive acts or practices" to include the following:

(a) Causing likelihood of confusion or of misunderstanding as to the source, sponsorship, approval or certification of goods or services;

(b) Causing likelihood of confusion or of misunderstanding as to affiliation, connection or association with, or certification by, another;

(c) Engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding;

(d) Any violation of 73 Pa. Cons. Stat. Ann. § 2270.

25.    Plaintiff alleges and avers that Defendants violated the Act by

misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt, and that Defendant's conduct complained of herein paragraphs amounts to violations of the Fair Credit Uniformity Extension Act, 73 Pa. C.S. § 2270, *et seq*, and is thus a concomitant violation of the Unfair Trade Practices Act.

26. Plaintiff alleges and avers that Defendant violated the Act by misrepresenting that any debt was owed, and further by claiming that improper fees and exorbitant charges were part of the alleged debt.

27. The UTPCPL authorizes the Court, in its discretion, to award up to three (3) times the actual damages sustained for violations, and/or $100.00 for statutory damages. Plaintiff avers entitlement to all actual and statutory damages, as well as written confirmation that Defendant has properly reported to the relevant credit bureaus accurate information surrounding the invalidation of the bogus "debt", plus treble that amount, and attorney fees and costs, for Defendant's per se and statutory violations of Pennsylvania Law.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, ANNE HULSER
2300 Computer Rd.-Ste G39
Willow Grove, Pa 19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com

MRS BPO,LLC

MAR 16 2020

RECEIVED

# VERIFICATION

Fred Davis, states that he is the attorney for the Plaintiff herein; that he is acquainted with the facts set forth in the foregoing Complaint; that same are true and correct to the best of his knowledge, information and belief; and that this statement is made subject to the Penalties of 18 Pa. C.S.A. §4904, relating to unsworn falsifications to authorities.

DAVIS CONSUMER LAW FIRM

By: Fred Davis-PA ID# 93907
Attorney for Plaintiff, ANNE HULSER
2300 Computer Rd.-Ste G39
Willow Grove, Pa 19090
Tel – 1-855-432-8475/Facsimile-1-855-435-9294
Email: fdavis@usacreditlawyer.com